### SOPHIE VAN ALSTYNE *vs.* THE SHORT LINE, INC.

#### JUNE 11, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. To the writ in this action of trespass on the case for negligence, brought in the superior court, the defendant filed a plea in abatement. The plaintiff demurred to this plea and her demurrer was overruled by a justice of that court, to which action she took an exception. She then filed to the plea a replication, later amended, whereupon the defendant moved to strike such amended replication, which motion was granted by the superior court, exception to such ruling being taken by the plaintiff. The plea in abatement was then sustained and the plaintiff's exception noted. She is now prosecuting her bill of exceptions to this court on the above-mentioned exceptions, all of which raise the same general question.

The record shows that the plaintiff, who is represented in the writ and declaration herein to be a resident of Newport county, made such writ returnable to the superior court for Providence county. In this writ the defendant is described as a Rhode Island corporation, having its treasurer in the city and county of Providence. The return of the officer who served the writ reveals that service was made by leaving a copy thereof in the hands and possession of the defendant's treasurer in the city of Providence, in such county. The defendant, by its plea in abatement, does not question the general jurisdiction of the superior court to hear the case, nor does it attack the service of the writ, but it maintains that the venue of the action is wrongly laid and that the writ should have been made returnable in the superior court for Newport county.

The parties agreed by stipulation filed that the matters set out in the plea in abatement were true in fact. The only additional fact to which it is now necessary to refer is that by its charter the defendant corporation is located in the city and county of Newport. The determination of the issue raised depends upon the construction to be given sec. 3, chapter 333, general laws 1923, which is as follows: "Personal or transitory actions and suits brought by or against corporations, if brought in the superior court, shall be

brought in the court for the county, and if brought in a district court shall be brought in the district, in which the other party or some one of the other parties dwell, or in the court for the county or in the district court for the district in which the defendant or some one of the defendants shall be found, or in which the corporation is located by its charter, or if not located by its charter, in which the annual meetings of the corporation are required to be, or if not required to be, are actually holden."

The plaintiff urges that the phrase, "in which the defendant or some one of the defendants shall be found," enables her to bring this action in Providence county, because she personally served the treasurer, who was an officer through whom service upon the defendant corporation could properly be made, in Providence county, and hence "found" the defendant in that county. In our opinion this contention rests upon a strained and unnatural construction of the section in question, and is not tenable.

The treasurer of the defendant corporation is himself not the defendant nor one of the defendants in this proceeding. The corporation, which is the defendant, is a separate and distinct legal entity from the individual who may be its treasurer. Further, the word "found" in the statute, as applied to a defendant, obviously refers to an individual defendant and not to a corporate defendant. Such word is not aptly used to indicate or describe the situs of a corporation in relation to the bringing of suit against it and making service upon it. The latter part of the section, however, deals specifically with that matter, namely, the location of a defendant corporation for the purpose of determining where it may, under the proper circumstances, sue or be sued.

It should be noted, also, that the section under consideration is designed to embrace certain types of actions and suits brought either "by or against" corporations. Within its scope fall such actions, if brought by a corporation against one or more individual defendants, or if brought

against defendants, certain of whom are individuals and others corporations. We are satisfied, however, that, where such action is brought by an individual against a corporation alone, and where the record shows, as in the instant case, that the plaintiff dwells in the county in which the defendant corporation is located by its charter, then the only proper venue for such action is in that county. This appears to be the plain intent of the statute expressed in clear and unambiguous language. We find, therefore, that the correct venue of the instant case is Newport county, and that the writ should have been made returnable to the superior court in that county, and not in Providence county.

To support her position, the plaintiff has cited the following cases: *Budlong* v. *Hasbrouck,* 46 R. I. 397; *Barone Lumber Co.* v. *Sowden,* 51 R. I. 166 We are of the opinion that neither sustains her contention, and that both are clearly distinguishable from the case at bar. The first case discusses sec. 2 of chapter 333 immediately preceding the one now before us, and which plainly deals with transitory actions between individuals only, without any reference to actions by or against corporations which are covered by the provisions of sec. 3, *supra.* The holding in that case, that an action can be brought in a county where an individual defendant is found and personally served, is fully supported by the language used in the section there considered. In the instant case, however, we are passing upon sec. 3 and not sec. 2 of chap. 333, *supra.* In the second case, the validity of a tax sale was in question. The chief point considered was whether the notice called for by the statute had been given to the person to whom the estate involved was taxed, which in that instance was a corporation. In passing upon that issue, the court, in order to give effect to the statute, when a corporation was involved, was obliged to determine what would be proper service, in view of the fact that the statute directed that the notice be left at the last and usual place of abode or be personally served. The nature of the statute and the subject-matter before the

court in that case bear so little resemblance to the statute before us and to the issue raised thereunder, that the holding in that case is of little assistance in deciding the instant case.

We find the rulings of the superior court in connection with the plea in abatement, and the sustaining thereof by that court, to be without error.

The plaintiff's exceptions are overruled and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker* for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews,* for defendant.